I regret that I am unable to agree with my colleagues. The defendant-appellant assigns as a reason for reversal that the new trial which the Common Pleas granted, should have been allowed on the whole case, if granted at all, and not limited to damages. He contends that the verdict on the first trial was a compromise and, as a step in his argument, urges the inadequacy of the damages awarded by the jury. The plaintiff-respondent answers that the evidence justified the small sum awarded. But the plaintiff moved successfully for a new trial on the ground that the verdict was too small. A verdict for personal injuries is not set aside for inadequacy when the failure to award a greater sum can reasonably be supported by the evidence, but only if the inadequacy is so clear as to raise an inference of mistake or partiality on the part of the jury. Killen v. North Jersey St.Ry. Co., 74 N.J. Law 286 (Sup.Ct. 1907); McHugh v. Soffer,24 N.J. Misc. R. 111 (Burling, J.C.C. 1946). We must assume that the plaintiff, on his motion for a new trial, urged that the verdict was of this character. By plain principles of estoppel he is forbidden now to take any other position. Since he sought and obtained a new trial on the theory that the damages were inadequate, on this theory must he stand to the end.Lindeman-Chevrolet, Inc. v. Reliable Woodworking Co.,4 N.J. Misc. R. 52; 103 N.J. Law 198 (E. A. 1926). See also 5C.J.S., Appeal and Error, § 1506, p. 195. It is true that defendant, at the first trial, presented testimony minimizing plaintiff's injuries, and I take *Page 135 
for granted that on the motion for a new trial, he vigorously argued that the verdict was large enough. But his contention was not adopted by the court, while plaintiff's became the law of the case (21 C.J.S. Courts, § 195, p. 332), and therefore defendant is now at liberty to make his opponent's former contention a basis of his argument.
On this appeal, in my opinion, the parties and this court as well, must proceed on the assumption that the verdict at the first trial was so small as to indicate clearly that the verdict in respect to damages was the result of mistake or partiality. We ought shut our minds to any other interpretation of the evidence.
Defendant's liability was not at all clear. As plaintiff was entering the rear, right-hand door of an automobile, the door was slammed on his hand, badly injuring it. It is probable that either his friend Domanowski, or the defendant Lazar, was responsible, but plaintiff apparently did not know which one. He merely testified that they were both on the sidewalk near the door, when the door was slammed. The testimony of Doman owski and Lazar was even vaguer. Domanowski thought he got into his seat (front, right-hand seat) while Esposito, the plaintiff, was still outside with Lazar. He heard Esposito cry out with pain. "I turned around and I laughed. I seen his hand go up in a balloon. I turned around and I seen Mike Lazar at the wheel." Asked bluntly whether it was he, Domanowski, who closed the door on Esposito's hand, he replied, "I don't remember closing the door." Lazar testified that he opened both doors on the right side of the car, and then went around the front of the car. He heard Esposito scream. "Did you close the door on his hand? No, I can't remember closing the door on his hand. I can't remember."
The case, as it went to the jury, presented this situation: Plaintiff had been seriously injured but whether or not defendant was liable was a question of much doubt. The jury found him liable but awarded damages in an inadequate sum. It is reasonably inferable that the verdict was a compromise; that doubts of defendant's liability were offset by a reduction of the *Page 136 
amount of damages. A verdict resulting from such a compromise is wholly invalid. The granting of a new trial as to damages only worked a grave injustice to the defendant for it saddled him with the compromise debits while taking from him the credits. It was error for the trial court so to limit the new trial. DePeole v.Passaic City Steam Laundry, 5 N.J. Misc. R. 687 (Sup.Ct.
1927); Sussman v. Yellow Taxi Cab Co., 7 N.J. Misc. R. 325(Sup.Ct. 1929); Juliano v. Abeles, 114 N.J. Law 510 (Sup.Ct. 1935); Stalter v. Schuyler, 135 N.J. Law 228 (Sup.Ct.
1947).
In my opinion, the judgment should be reversed.